UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MICHAEL P. MAXWELL,

    Appellant,

    v.                                    Case No. 13-C-1247

WELLS FARGO BANK, N.A.,

    Appellee.

ORDER AFFIRMING DECISION OF THE BANKRUPTCY COURT

Wells Fargo Bank, N.A.[1] loaned money to Kenneth Antonoff and his wife for the purchase of a house; in exchange the Antonoffs executed a note and mortgage. Although the house-purchase closed on January 31, 2012, the mortgage was not recorded until thirty-eight days later. The recording date was within the ninety days of the date when Kenneth Antonoff filed his Chapter 7 bankruptcy case in May 2012.

Trustee Michael P. Maxwell filed an adversary proceeding (12-02599) asserting that the mortgage lien was void as to the bankruptcy estate, but Bankruptcy Judge Pamela Pepper sided with Wells Fargo. Judge Pepper granted Wells Fargo's motion for summary judgment and found that the exchange was substantially contemporaneous and for the exchange of new value, so Wells Fargo had proved a valid defense. On appeal, the Trustee contends that Judge Pepper was wrong. However, the judgment will be affirmed.

Title 11 U.S.C. § 547(b) sets forth several elements for establishing a voidable preference. Wells Fargo conceded before the bankruptcy court and concedes here that the Trustee established all of those elements and that the transaction constituted a

---

[1] Actually its assignor, but the point is not material.

preference. But Wells Fargo contends that it, in turn, established a defense under 11 U.S.C. § 547(c)(1), which states that a trustee may not avoid under § 547(b) a transfer that was "(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange." Judge Pepper agreed with Wells Fargo that the exchange was substantially contemporaneous and for new value such that the § 547(c)(1) defense applied. Wells Fargo acknowledges that because the mortgage was not recorded within thirty days, no defense exists under § 547(c)(3), which discusses security interests. In the bankruptcy court, it argued that § 547(c)(1) alone applied.

The Trustee's primary argument on appeal is that § 547(c)(3) is Wells Fargo's sole permitted means for establishing a defense. According to the Trustee, § 547(c)(3) is the appropriate subsection for a mortgage lien situation, and if § 547(c)(3) does not apply (and Wells Fargo admits that it does not), then § 547(c)(1) cannot be used as an alternative basis for establishing a defense.

However, the Trustee never raised this argument in the bankruptcy court. When a party fails to raise an issue in bankruptcy court, the district court should find the issue waived on appeal; finding otherwise would permit a litigant to bypass the bankruptcy court. *In re Weber*, 25 F.3d 413, 415 (7th Cir. 1994). Only in "exceptional circumstances" should the district court consider an argument not raised in the bankruptcy court. *Id.* at 416.

This court has reviewed the Trustee's brief in the bankruptcy court in response to the motion for summary judgment and the transcript of the hearing on summary judgment, and at no time did the Trustee contend that § 547(c)(3) was the exclusive section for Wells Fargo to pursue and that § 547(c)(1) could not apply. In this court, in response to Wells

2

Fargo's argument regarding waiver, the Trustee points to his Objection to Exemption and his Adversary Complaint filed in the bankruptcy court. (Doc. 7 at 5 (citing Doc. 1 attach. 2 at 94-101).) But neither raises this argument. The Adversary Complaint alleges that the mortgage was not properly perfected within the allotted time of "Section 547(c)" and focuses more on the requirements for establishing a preference. (Doc. 1 attach. 2 at 102.) In the event the Trustee meant to cite to Document 1 attachment *1* at pages 94-101, that citation would be to his brief, which, as stated above, does not contain the argument now presented.

The Trustee adds that waiver does not apply because the bankruptcy court's decision must be reviewed de novo. (Doc. 7 at 5.) But the standard of review has nothing to do with what arguments are considered when conducting that review.

The Trustee does assert here that § 547(c)(1) does not apply to purchase money mortgage liens. (Doc. 5 at 13-15.) According to the Trustee, § 547(c)(1) applies only to "cash or quasi-cash transactions." (Doc. 5 at 14.) This argument echoes the heading of the Trustee's brief in the bankruptcy court, but it is not the same argument at all.

In the bankruptcy court, the Trustee's entire argument regarding § 547(c)(1) focused on the definition of "new value." (As stated above, under § 547(c)(1) a trustee may not avoid a transfer that was intended to be "a contemporaneous exchange for new value" and was, in fact, a contemporaneous exchange.) The Trustee also argued in the bankruptcy court that the definition of "new value" in § 547(a)(2) provided an exclusive list of items, not

3

an open-ended definition,[2] and that the definition did not include a purchase-money mortgage.

Here, the Trustee cites to the legislative notes that discuss how a check would be considered to be contemporaneous. He then references various cases that support his view that § 547(c)(1) does not apply to security interests when the creditor fails to meet the requirements of § 547(c)(3). The Trustee's argument here—that legislative history, legislative notes, and policy reasons indicate that § 547(c)(1) does not apply to purchase money mortgages—is not a reiteration of his argument below (which would have been considered) but is instead a variation of his new argument concerning the effect of subsections (c)(1) and (c)(3) (which has been waived). (*Compare* Doc. 5 at 14-15, *with* Doc. 1 attach 1 at 98.)

Finally, the Trustee contends that the bankruptcy court erred in relying upon *Pine Top Ins. Co. v. Bank of America National Trust & Savings Ass'n*, 969 F.2d 321 (7th Cir. 1992), to determine that a valid contemporaneous exchange defense existed. According to the Trustee, *Pine Top* was not a bankruptcy case and involved instead an avoidable preference by Illinois state insurance regulators. (Doc. 5 at 17-18.) This argument, too, was not raised in the court below and has been waived.

As stated above, in the bankruptcy court, the Trustee's entire argument regarding § 547(c)(1) focused on the definition of "new value," not the definition of "contemporaneous exchange." Regarding *Pine Top*, the Trustee said in his bankruptcy court brief only that "[t]he Defendant's reliance on *Radbil, Pine Top*, and *Dean* is misplaced in that this Court

---

[2] Section 547(a)(2) says "new value" "means money or money's worth in goods, services, or new credit, or release by a transfer of property previously transferred to such transferee . . . but does not include an obligation substituted for an existing obligation."

4

can never reach the analysis of whether a contemporaneous exchange occurred when the item exchanged, here a purchase money mortgage, squarely does not fall within the exclusive definition of 11 U.S.C. § 547(a)(2)." (Doc. 1 attach. 2 at 98.) The Trustee did not argue the merits of applying *Pine Top* or the requirements of a contemporaneous exchange. Instead, he argued that consideration of *Pine Top* was unnecessary. At oral argument counsel referred to *Pine Top*, but contended only that the case was decided prior to the enlargement of the perfection time period from ten to thirty days. He then went back to his position that the requirements of a preference had been established. (Doc. 4 at 5.) Thus, he did not raise the argument that he now proffers about *Pine Top*. Consequently,

IT IS ORDERED that the decision of the bankruptcy court is affirmed.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE